## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH A. MERRICK, Individually and On Behalf Of All Others Similarly Situated, ) ) ) ) | Case No. 4:08-cv-01167-HEA |
| Plaintiff, ) ) ) | **LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND MEMORANDUM IN SUPPORT** |
| v. ) ) | |
| STIFEL FINANCIAL CORPORATION, and STIFEL NICOLAUS & COMPANY, INCORPORATED, ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. ) ) ) ) | |

## LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND
## AND MEMORANDUM IN SUPPORT

Lead Plaintiffs respectfully move this Court for an Order allowing them to amend their complaint in this action to add additional detail relating to the underlying conduct that has come to light since the filing of their First Amended Complaint on January 9, 2009. Specifically, Lead Plaintiffs intend to allege additional facts that have been divulged as part of several ongoing governmental investigations and related actions filed by state securities regulators. These additional facts go to issues of Defendants' liability for securities fraud -- including issues of scienter and particularity -- that are currently at issue in connection with the briefing on Defendants' pending motion to dismiss. Lead Plaintiffs believe that the additional facts are material to the claims they assert and impact the analysis of Defendant's liability for the violations of law asserted in this matter.

Accordingly, Lead Plaintiffs respectfully request that the Court grant their motion for leave to amend.

## ARGUMENT

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court prescribed the proper approach under Rule 15(a) when a party makes motion to amend pleadings:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182.

Here, Lead Plaintiffs intend to amend the First Amended Complaint to add additional allegations that have come to light in parallel litigation filed by securities regulators in the states of Missouri, Virginia, Indiana and Colorado. Specifically, Lead Plaintiffs intend to assert, *inter alia*, additional facts relating to Stifel's conduct with respect to the marketing and sale of auction rate securities, including details about personnel within the company that were responsible for Stifel's training and supervision (or lack thereof) of sales personnel with respect to auction rate securities. Although, as stated in their opposition to Defendants' Motion to Dismiss, Lead Plaintiffs believe that they have properly plead a violation of the federal securities laws in this matter, the proposed amendment would, in fact, address and rebut Defendants' assertion that

Lead Plaintiffs have not provided sufficient detail and particularity with respect to their claims. These facts also bear upon whether Defendants acted with the requisite scienter.

Moreover, there are no circumstances present – *e.g.*, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment – that would lead the Court to deny Lead Plaintiffs' request. Lead Plaintiffs have not previously sought leave to amend, there has been no undue delay, and there is no prejudice to Stifel in allowing this amendment.

Accordingly, Lead Plaintiffs respectfully request that the Court grant their motion for leave to amend, and grant them 30 days to file their Second Amended Complaint.

Dated: October 6, 2009

Respectfully submitted,

**CAREY & DANIS, LLC**

____/s/ *Michael J. Flannery*____
Michael J. Flannery ED MO Bar # 110084
James J. Rosemergy ED MO Bar # 111477
Joseph P. Danis
Corey D. Sullivan
8235 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 725-7700
Facsimile: (314) 721-0905

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel (admitted *pro hac vice*)
Matthew L. Dameron (admitted *pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*PLAINTIFFS' CO-LEAD COUNSEL*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 6th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jeffrey J. Kalinowski, Esq. (jeff.kalinowski@huschblackwell.com)

Richard H. Kuhlman, Esq. (rick.kuhlman@huschblackwell.com)

Adam S. Hochschild, Esq.  (adam.hochschild@huschblackwell.com)

*COUNSEL FOR DEFENDANTS*
*STIFEL FINANCIAL CORPORATION and*
*STIFEL NICOLAUS & COMPANY, INC.*

                                                  */s/ Michael J. Flannery*
                                                       *Plaintiffs' Co-Lead Counsel*