IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH MERRICK** and **STEPHEN SCHIDING**, Individually and on Behalf of All Others Similarly Situated, </br></br>    **Plaintiffs,** </br></br>    v. </br></br> **STIFEL FINANCIAL CORPORATION** and **STIFEL, NICOLAUS & COMPANY, INCORPORATED,** </br></br>    **Defendants.** | Case No. 4:08-cv-01167-HEA |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

In a futile attempt to stem the tide of recent decisions dismissing claims virtually identical to those in the Amended Complaint at issue in this case, Lead Plaintiffs seek leave to file a Second Amended Complaint. Lead Plaintiffs fail to attach a proposed Second Amended Complaint in violation of the applicable rules. Moreover, as demonstrated by the recent decisions in similar cases, Lead Plaintiffs do not and cannot allege facts sufficient to avoid dismissal. The Court should deny Lead Plaintiffs' Motion for Leave to Amend.

**I.   BACKGROUND**

On August 8, 2008, Lead Plaintiffs filed their initial Complaint alleging fraud in connection with the sale of auction rate securities ("ARS"). On January 9, 2009, Lead Plaintiffs amended their Complaint. On March 10, 2009, Defendants moved to dismiss the Amended Complaint based on (among other grounds) Lead Plaintiffs' failure to plead fraud with particularity and to allege facts sufficient to give rise a strong inference of scienter. The Motion to Dismiss is ripe for adjudication. Subsequent to the parties' briefing, at least three courts

granted Motions to Dismiss in similar ARS lawsuits: *Zisholtz v. SunTrust Banks, Inc.*, No. 1:08-CV-1287, 2009 WL 3132907 (N.D.Ga. Sep. 24, 2009); *Defer LP v. Raymond James Financial, Inc.*, No. 08 Civ. 3449, 2009 WL 2971072 (S.D.N.Y. Sep. 17, 2009); and *In re Citigroup Auction Rate Secs. Litig.*, Nos. 08 Civ. 3095 & 09 md 2043, 2009 WL 2914370 (S.D.N.Y. Sep. 11, 2009).

Now, in a futile attempt to avoid dismissal, Lead Plaintiffs move for leave to amend their Amended Complaint [Doc. 60]. Lead Plaintiffs do not attach a proposed Second Amended Complaint to their Motion for Leave. Moreover, in their Motion for Leave, Lead Plaintiffs claim in conclusory fashion that they can remedy the deficiencies in their Amended Complaint—*i.e.*, they "intend to allege additional facts"—but offer no particular alleged facts that they intend to add to their complaint.

## II. PLAINTIFFS FAIL TO ATTACH A COPY OF A PROPOSED SECOND AMENDED COMPLAINT

Lead Plaintiffs seek leave in violation of the Local Rules of Court. Specifically, Local Rule (CM/ECF) II.B. provides that:

> When a document requires leave to be filed (other than documents to be filed under seal and ex parte), the attorney should electronically file a motion for leave, and **submit the document requiring leave as an attachment to the motion**. If the Court grants the motion, the Clerk will file the document.

Lead Plaintiffs failed to submit the document requiring leave—a Second Amended Complaint—as an attachment to their Motion for Leave. Quite simply, the Court must deny the Motion.

## III. PLAINTIFFS FAIL TO STATE WITH PARTICULARITY THE GROUNDS FOR SEEKING LEAVE

Notwithstanding Lead Plaintiffs' failure to attach a proposed Second Amended Complaint, Lead Plaintiffs fail to state with particularity the grounds for seeking leave. Federal Rule of Civil Procedure 7 provides that:

> A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order . . . .

FED. R. CIV. P. 7(b). *See also* **Pet Quarters, Inc. v. Depository Trust and Clearing Corp.**, 559 F.3d 772, 782 ( 8th Cir. 2009) ("Leave to amend generally is inappropriate . . . where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained."). Lead Plaintiffs do not allege how an amendment would make the complaint viable. Lead Plaintiffs vaguely assert that they "intend to allege additional facts," but they do not and cannot identify *any* such alleged "additional facts." Accordingly, Lead Plaintiffs fail to state with particularity the grounds for the relief they seek. The Motion to Leave should be denied.

## IV.   THE RECENT DISMISSALS OF SIMILAR ARS CASES DEMONSTRATES THAT LEAVE TO AMEND WOULD BE FUTILE

Even if Lead Plaintiffs complied with the applicable rules for moving for leave (which they did not), the Court should nevertheless deny leave because an amendment would be futile. **U.S. ex rel. Lee v. Fairview Health Sys.**, 413 F.3d 748, 749 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend."). The plaintiffs in the ARS cases of **Zisholtz**, **Defer**, and **Citigroup** alleged facts with greater specificity than the Lead Plaintiffs purport to allege in the present case—and the courts in each of those cases *dismissed all claims*. *See* **Defer**, 2009 WL 3132907, at *4-5, 8; **Defer**, 2009 WL 2971072, at *2-4, 10; **Citigroup**, 2009 WL 2914370, at *2-4, 10. Again, as discussed above, Lead Plaintiffs do not and cannot allege any "additional facts." Amendment of the complaint would be futile. *See* **Fairview Health Sys.**, 413 F.3d at 749-50. The Court should deny Plaintiffs' motion.

## V. CONCLUSION

For all of the reasons stated above, the Court should deny Lead Plaintiffs' Motion for Leave to file a Second Amended Complaint.

        Respectfully submitted,

        HUSCH BLACKWELL SANDERS LLP

        By: /s/ Adam S. Hochschild
            Jeffrey J. Kalinowski, # 3510
            jeff.kalinowski@huschblackwell.com
            Richard H. Kuhlman, # 47509
            rick.kuhlman@huschblackwell.com
            Adam S. Hochschild, # 498790
            adam.hochschild@huschblackwell.com
            190 Carondelet, Suite 600
            St. Louis, Missouri 63105
            Telephone: (314) 480-1500
            Facsimile: (314) 480-1505

*Attorneys for Defendants Stifel Financial Corporation and Stifel, Nicolaus & Company Incorporated*

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing was filed this 16th day of October, 2009, via the Court's CM/ECF system which I understand will automatically send email notification to the following counsel of record:

James J. Rosemergy
Michael J. Flannery
CAREY & DANIS, LLC
8235 Forsyth Blvd.
Suite 1100
St. Louis, MO 63105
Telephone: (314) 725-7700
Facsimile:  (314) 721-0905

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile:   (816) 714-7101

*Counsel for Lead Plaintiffs*

                                                                 /s/ Adam S. Hochschild