UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOSEPH A. MERRICK, Individually and on Behalf Of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:08CV1167-HEA |
| STIFEL FINANCIAL CORPORATION, and STIFEL NICOLAUS & COMPANY, INCORPORATED, | ) ) ) ) ) | |
| Defendants. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Costs and Entry of Judgment, [Doc. No. 76]. Defendants oppose the award of attorneys' fees, but agrees this matter may be dismissed. For the reasons set forth below, the Motion for Award of Attorneys' Fees is denied and this matter is dismissed.

Plaintiffs brought this action under Section 10(b) of the Securities and Exchange Act of 1934. Plaintiffs' brought the action on behalf of all persons or entities who purchased auction rate securities (ARS) between August 8, 2003 and February 13, 2008 that Defendants underwrote or sold, or for which Defendants acted as a broker-dealer. Defendants moved to dismiss the Amended Complaint on the grounds that Lead Plaintiffs failed to state a cause of action under the Private Securities Litigation Reform Act (PSLRA).

In March, 2009, the State of Missouri brought a lawsuit against Defendants

alleging violations of certain Missouri statutes. In April, 2009, Defendants voluntarily agreed to offer to repurchase certain ARS at par value from certain present and former customers. In January, 2010, Defendants and the State of Missouri entered into a Consent Order that resolves the State Lawsuit. Defendants agreed to offer to repurchase certain ARS at par value according to an accelerated timetable.

Lead Plaintiffs accepted the offer. They agreed to a rescission of their ARS purchases, to not participate in any action, class action or lawsuit and to release Defendants "of and from any claim, actions. . . costs, expenses, bills, and controversies of any kind or description."

Lead Plaintiffs seek an award of attorneys fees for their significant contributions in the ultimate resolution of this case, including the fact that the class obtained the very relief sought by Lead Plaintiffs on behalf of Stifle's customers. Lead Plaintiffs seek attorneys' fees as prevailing parties because they are third party beneficiaries of Defendants' settlement with the State of Missouri. Lead Plaintiffs also seek attorneys' fees under the Court's equitable authority.

While the Court agrees with Lead Plaintiffs that counsel has worked diligently and vehemently on their behalf, the Court also recognizes that Defendants voluntarily offered to repurchase the ARS and the Consent Order was entered in the Missouri lawsuit. A class was never certified herein, and the parties agreed to postpone the Court's ruling on the pending Motion to Dismiss in order

that the parties in the Missouri lawsuit could attempt to, and as it turns out, did in fact, resolve the Missouri lawsuit. Lead Plaintiffs argue that they are third party beneficiaries of the Missouri lawsuit, and are therefore "prevailing parties" in this lawsuit stretches the concept of "prevailing parties" almost to the point of non-recognition. Nothing in this suit establishes that Defendants committed violations of Section 10(b), the basis for which the suit was brought. The motion for attorneys' fees is therefore denied.

By consent of Plaintiffs, this matter will be dismissed. Dismissal is based on the Consent Order entered in the Missouri lawsuit and in accordance with the terms set out in the Consent Order in that case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for an Award of Attorneys' Fees and Costs and Entry of Judgment, [Doc. No. 76], is denied as to the Award of Attorneys' Fees and granted as to the request for dismissal of this action.

**IT IS FURTHER ORDERED** that this matter is dismissed, with prejudice, as provided herein.

Dated this 2nd day of July, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE